IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01779-RMR-KAS

BRENDA BAUTISTA,

    Plaintiff,

v.

CHARLES SCHWAB & CO.,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss Amended Complaint** [#28][1] (the "Motion"). Plaintiff Brenda Bautista, who proceeds as a pro se litigant,[2] filed a Response [#30] in opposition to the Motion [#28], and Defendant Charles Schwab & Co. filed a Reply [#31] with a supporting Exhibit [#32]. The Motion [#28] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#29]. The

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must liberally construe the filings of a pro se litigant "so as to do justice." *See* Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court may not "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Further, pro se litigants are subject to the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#28] be **DENIED**.

## I. Background[3]

Plaintiff brings several claims against Defendant, her former employer, including failure to accommodate disability, retaliation, and termination of employment in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq*. *Second Am. Compl.* [#26] at 2-3. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 22, 2022. *Cured Charge of Discrimination Document* [#30-1] at 1. The EEOC issued Plaintiff's Determination and Notice of Rights [#26-1] ("Right to Sue Notice") on March 16, 2023. The Right to Sue Notice [#26-1] stated that, under federal law, Plaintiff was entitled to file a lawsuit against Defendant, provided that she filed "**WITHIN 90 DAYS of [her] receipt of this notice**." *Right to Sue Notice* [#26-1] at 1 (emphasis in original). The notice advised that receipt "generally occurs on the date that [she] (or [her] representative) view[s] this document" and that failure to file within the ninety-day period would lead to forfeiture of her right to sue. *Id.* Plaintiff filed her lawsuit on June 16, 2023—ninety-two days after the date on the Right to Sue Notice [#26-1].

---

[3] For purposes of resolving the Motion [#28], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Second Amended Complaint [#26]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, to the extent that Plaintiff provides additional allegations or possible new claims in her opposition brief, the Court notes that a party may not amend a complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

In its Motion [#28], Defendant argues that Plaintiff's claims are time-barred as a matter of law because the lawsuit was filed more than ninety days after the Right to Sue Notice [#26-1] was issued. *Motion* [#28] at 3. Defendant's argument rests primarily on the assertion that Plaintiff received digital notice of the Right to Sue Notice [#26-1], and that, because of this, the date on the notice (which is the date it was digitally issued) is the date of receipt. *Reply* [#31] at 4 (citing *Def.'s Ex. A* [#32] at 3-5). Plaintiff's Second Amended Complaint [#26], however, does not specify how the Right to Sue Notice [#26-1] was delivered.

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal,*

*Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III. Analysis

The Court construes the allegations in the Second Amended Complaint [#26] in the light most favorable to Plaintiff. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Plaintiff alleges various violations of the ADA in her Second Amended Complaint [#26]. Defendant moves to dismiss, arguing that Plaintiff's claims are time-barred as a matter of law due to the limited filing window permitted under the ADA. *Motion* [#28] at 3.

Once a plaintiff receives a Right to Sue Notice from the EEOC, she has 90 days to initiate litigation. 42 U.S.C. § 2000e-5(f)(1) (outlining filing deadlines for Title VII claims); 42 U.S.C. § 12117(a) (providing that Title VII deadlines apply to ADA claims). The timely filing requirement is not a jurisdictional prerequisite to suit, and, like a statute of limitations, is subject to the affirmative defenses of waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is typically granted "only sparingly" in federal courts and does not extend to "garden variety claim[s] of excusable neglect." *Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 96 (1990).

Because this is a 12(b)(6) motion, the Court must limit its review to factual allegations within the four corners of the Second Amended Complaint [#26]. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."); *see also Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004)

4

(finding that, by improperly considering "material derived from documents outside the four corners" of the complaint, the trial court had converted the motion to dismiss into a motion for summary judgment).

There are three exceptions to this general rule which allow the Court to consider certain documents outside a complaint on a motion to dismiss. First, when a motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(1), the Court may consider outside relevant documents. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Secondly, when the outside documents are subject to judicial notice, such as court documents and matters of public record, the Court may consider them. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Finally, if an outside document is both central to the plaintiff's claim and the plaintiff references it in the complaint, the Court may consider it. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

Here, the Court may not evaluate Defendant's Exhibit [#32] alleging digital delivery of the Right to Sue Notice [#26-1] because it does not constitute part of the Second Amended Complaint [#26] and does not meet any of the exceptions to the general rule. *Def.'s Ex. A* [#32] at 2-5; *Second Am. Compl.* [#26]. Because none of these situations apply here, the Court is limited to the four corners of the Second Amended Complaint [#26] and does not consider the Exhibit [#32].

Without allegations in the Second Amended Complaint [#26] regarding when or how Plaintiff received her Right to Sue Notice [#26-1], the Court is left with an unknown date of receipt, which does not clearly bar this suit on its face. *Second Am. Compl.* [#26]. When the date of receipt of an EEOC Right to Sue Notice is either disputed or unknown,

5

the Tenth Circuit has "implicitly sanctioned applying either a five-day or a three-day [mailing time] presumption." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001); *see also Landrum v. Wakefield & Assocs, Inc.*, No. 08-CV-0283-CVE-PJC, 2009 WL 523104, at *2 (N.D. Okla. Mar. 2, 2009) (considering and applying three-day and five-day presumptions under Fed. R. Civ. P. 6(d) and common law, respectively, upon noting that the Tenth Circuit has not expressed a preference for either presumption). Plaintiff's suit was filed ninety-two days after the date on the Right to Sue Notice [#26-1], placing her within the boundaries of the ninety-three days, if a three-day presumption is applied. Because the Second Amended Complaint [#26] does not explain when or how the Right to Sue Notice was delivered, the limitations period cannot act as a bar to suit. *Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1169 (D. Colo. 2010) (citing *Doe. v. U.S. Dep't of Just.*, 753 F.2d 1092, 1116 (D.C. Cir. 1985), for the proposition that "a defense based on the statute of limitations is an affirmative defense that cannot succeed on a Rule 12(b)(6) motion unless it is unequivocally apparent from the face of the complaint that the statute precludes the action").

Accordingly, the Court **recommends** that the Motion [#28] be **denied**. *Cf. Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (explaining that "[a] statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished'") (quoting *Lee v. Rocky Mountain UFCW Unions & Emps. Tr. Pension Plan*, 13 F.3d 405, at *1 (Table) (10th Cir. 1993)).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#28] be **DENIED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: November 18, 2024              BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge