## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 23-cv-01779-RMR-KAS

BRENDA BAUTISTA,

      Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A Starnella, entered on November 18, 2024, ECF No. 37, addressing Defendant's Motion to Dismiss, ECF No. 28. Magistrate Judge Starnella recommends that the Defendants' motion be denied.

Defendant timely filed an objection to the Recommendation, ECF No. 38. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, Defendant's objection is overruled.

### I.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

## II.     ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation.  Accordingly,  the  Court  adopts  and  incorporates  the  factual  and procedural background included within the Recommendation as if set forth herein.

Plaintiff,  who  proceeds  pro  se,  filed  this  lawsuit  asserting  employment discrimination claims under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*, against her former employer, Defendant Schwab. ECF No. 26. Prior  to  filing  suit,  Plaintiff  properly  satisfied  the  administrative  prerequisite  of  filing  a Charge of Discrimination with the Employment Opportunity Commission ("EEOC"). On March 16, 2023, the EEOC issued a Determination and Notice of Rights to Plaintiff ("Right to Sue Notice"). ECF No. 26-1. The Right to Sue Notice conspicuously informed Plaintiff of her statutory obligation to file a civil action "WITHIN 90 DAYS of [her] receipt of this notice." *Id.* (emphasis in original). The  Right  to  Sue  Notice  further  states:  "Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days." *Id.* Plaintiff filed her lawsuit on June 16, 2023—92 days after the date on the Right to Sue Notice. *Id.*

Defendant moves to dismiss on the basis that Plaintiff's claims are time-barred because  Plaintiff  failed  to  file  her  lawsuit  within  the  90-day  period.  ECF  No.  28.  The Magistrate Judge recommended denying Defendant's motion, reasoning that on the face of  the  Second  Amended  Complaint,  there  are  no  allegations  of  when  or  how  Plaintiff received her Right to Sue Notice and therefore "the Court is left with an unknown date of

receipt, which does not clearly bar this suit on its face." ECF No. 37 at 5. The Magistrate Judge explained that "[w]hen the date of receipt of an EEOC Right to Sue Notice is either disputed or unknown, the Tenth Circuit has 'implicitly sanctioned applying either a five-day or a three-day [mailing time] presumption.' " *Id.* at 5-6 (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001)). The Magistrate Judge concluded that Plaintiff's suit, filed 92 days after the date on the Right to Sue Notice, is within the boundaries of the three-day presumption and "[b]ecause the Second Amended Complaint does not explain when or how the Right to Sue Notice was delivered, the limitations period cannot act as a bar to suit." *Id.* at 6.

In its objection, Defendant argues the Recommendation "improperly relies on case law from 2001 and 2009—during the time when the EEOC exclusively time presumption mailed documents to charging parties—in its application of the three-to-five-day mailing time presumption." ECF No. 38 at 2-3. Further, Defendant asks the Court to consider the exhibit attached in reply to its motion because (1) it is a public record entitled to judicial notice and (2) it is central to the viability of this action because it contains the digital transmission data for the Notice referenced in Plaintiff's Second Amended Complaint. *Id.* at 3. Upon de novo review, the Court concludes that dismissal of Plaintiff's action on timeliness grounds at the motion to dismiss stage is not appropriate and overrules Defendant's objection.

An ADA plaintiff is statutorily obligated to file a civil action "within 90 days after" the EEOC issues a Right to Sue Notice. 42 U.S.C. § 2000e-5(f)(1); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). The ninety-day period is triggered by the plaintiff's receipt of

the Right to Sue Notice. *Noe*, 754 F.2d at 892. "'While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.' " *Landrum v. Wakefield & Assocs., Inc.*, No. 08-CV-0283-CVE-PJC, 2009 WL 523104, at *3 (N.D. Okla. Mar. 2, 2009) (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)); *Merrill v. Cintas Corp.*, 941 F. Supp. 1040, 1045 (D. Kan. 1996) (court dismissed claim on limitations period grounds where plaintiff filed her lawsuit 91 days after she received her right to sue from EEOC).

Here, it is clear from the face of the Second Amended Complaint and the attached exhibits that the Right to Sue Notice was issued on March 16, 2023. Defendant argues that based on this date, Plaintiff's lawsuit, filed ninety-two days later, is time barred. Notably, however, "[t]he ninety-day limit begins to run on the date the complainant <u>actually receives</u> the EEOC right-to-sue notice, making that date a material fact." *Calvert v. Roadway Exp. Inc.*, 32 F. App'x 510, 512 (10th Cir. 2002) (quoting *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998)) (emphasis added). As the Magistrate Judge pointed out, Defendant's assertion that Plaintiff <u>actually received</u> the Right to Sue Notice on March 16, 2023 is not clear from the face of the Second Amended Complaint. Accordingly, the Magistrate Judge found Plaintiff's lawsuit was not barred on its face because "[w]hen the date of receipt of an EEOC Right to Sue Notice is either disputed or unknown, the Tenth Circuit has 'implicitly sanctioned applying either a five-day or a three-day [mailing time] presumption.' " *Id*. at 5-6 (quoting *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001)).

Defendant asserts the Magistrate Judge erred in applying the mailing time presumption and relies on the EEOC's final rule regarding the digital transmission of documents to argue Plaintiff must have "actually received" the Right to Sue Notice on March 16, 2023. Indeed, effective November 16, 2020, the EEOC issued a final rule regarding the digital transmission of EEOC documents, which provides that a charging party will receive an email notifying him or her that an important document is available" and has been issued by the EEOC. Procedural Regulations Under Title VII, ADA, and GINA; Procedures – Age Discrimination in Employment Act ("Procedural Regulations"), 85 Fed. Reg. 65214-01, 2020 WL 6060842, at *65125 (Oct. 15, 2020). The rule further provides that only if a charging party "does not log in and access critical documents, . . . [will] the EEOC [] mail a hard copy of the notice to the parties." *Id.* Thus, the date that Plaintiff logs on and accesses the digital copy of the Right to Sue Notice would trigger the ninety-day period. *Cerroni v. Smith's Food & Drug Centers, Inc.*, No. 2:23-CV-00005-JCB, 2023 WL 3467466, at *1 (D. Utah May 15, 2023) (holding that time for Plaintiff to file suit began running when notice of availability of the Right to Sue Notice on the EEOC Public Portal was electronically sent to Plaintiff's counsel).

However, Defendant's factual assertion that Plaintiff "actually received" the Right to Sue Notice on March 16, 2023, is not clear from the face of the Second Amended Complaint or its attached exhibits. And the address line on the attached Right to Sue Notice lists only Plaintiff's physical address, "indicating that the [Right to Sue Notice] could have been sent by physical mail." *See Eguakun v. Gusto, Inc.*, No. 23-CV-01713-SKC-STV, 2024 WL 3416387, at *4 (D. Colo. May 15, 2024), *report and recommendation*

*adopted sub nom. Eguakun v. Gutso, Inc.*, No. 1:23-CV-01713-SKC-STV, 2024 WL
3415038 (D. Colo. July 15, 2024). Defendant concedes that the Second Amended
Complaint does not identify an actual date of receipt. ECF No. 38 at 3. However,
Defendant asks the Court to consider the exhibit attached in reply to its Motion to Dismiss
as proof of Plaintiff's digital receipt of the Right to Sue Notice on March 16, 2023. That
exhibit is an activity log related to Plaintiff's Charge of Discrimination (the "EEOC Log").
ECF No. 32. Defendant obtained the EEOC Log from the EEOC through a FOIA request,
and the EEOC Log purportedly shows that the Right to Sue Notice was downloaded by
Plaintiff on March 16, 2023. *Id.* at 4. In her Recommendation, the Magistrate Judge found
that the EEOC Log is not part of the Second Amended Complaint and does not meet any
exceptions to the general rule that, on a 12(b)(6) motion, the Court must limit its review
to the factual allegations within the four corners of the complaint. *Id.* at 4-6. The Court
agrees with the Magistrate Judge that the EEOC Log does not fit any of the exceptions
that would allow the Court to consider it at this stage. Moreover, the argument regarding
the EEOC Log and its attachment as an exhibit was raised for the first time in reply, and
is waived for purposes of the motion to dismiss. *Gutierrez v. Cobos*, 841 F.3d 895, 902
(10th Cir. 2016) ("[A] party waives issues and arguments raised for the first time in a reply
brief.") (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).

Based on the Second Amended Complaint, the Magistrate Judge correctly found
that the date Plaintiff actually received the Right to Sue Notice is undetermined. And in
the context of mailed right-to-sue letters (as opposed to emailed right-to-sue letters), the
Tenth Circuit has explained that "[w]hen the receipt date for an EEOC right-to-sue letter

is unknown . . . federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Lozano v. Ashcroft*, 258 F.3d at 1164. Plaintiff's Second Amended Complaint, filed 92 days after the Right to Sue Notice was issued, would be timely within this presumptive receipt range. Because untimeliness of Plaintiff's action is not clear from the Second Amended Complaint or the attached exhibits, the Court determines that dismissal on timeliness grounds would be improper at this stage of the proceedings. However, the Court does find that early ruling on the issue of whether Plaintiff's complaint is timely would be in the best interest of justice. Thus, the Court will allow early summary judgment briefing on this limited issue.

### III.    CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Plaintiffs' Objection to the Recommendation, ECF No. 38, is OVERRULED;

2. The Recommendation of the Magistrate Judge, ECF No. 37, is ACCEPTED AND ADOPTED;

3. Defendant's Motion to Dismiss, ECF No. 28, is DENIED.

4. The parties shall conduct any discovery necessary regarding the limited issue of the date Plaintiff actually received the Right to Sue Notice. All other matters in the case shall be stayed for 60 days to allow for discovery and briefing regarding whether Plaintiff's complaint is time barred. Defendant shall file any motion for summary judgment on the issue of whether Plaintiff's complaint is time barred on or before **February 24, 2025**. Plaintiff shall file her response on or before **March 10, 2025**. No replies shall be filed.

DATED:  January 27, 2025.

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge