**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 23-cv-01779-RMR-KAS

BRENDA BAUTISTA,

    Plaintiff,

v.

CHARLES SCHWAB & CO., INC.,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant's Motion for Summary Judgment, ECF No. 47. When adopting Magistrate Judge Starnella's Recommendation, the Court ordered (1) Defendant to file any motion for summary judgment on the issue of whether Plaintiff's complaint is time-barred; and (2) Plaintiff to file her response. ECF No. 39 at 8. The matter is fully briefed and is ripe for review. For the reasons that follow, Defendant's Motion is GRANTED.

**I.    BACKGROUND**[1]

Plaintiff Brenda Bautista ("Plaintiff") brings several claims against Defendant Charles Schwab & Co ("Defendant"), her former employer, under the Americans with Disabilities Act ("ADA") as amended, 42 U.S.C. § 12101, *et seq*. Prior to filing this action,

---

[1] The Court relies on the parties' summary judgment briefing and Defendant's statement of undisputed material facts. *See* ECF No. 47 at 1-3; ECF No. 48 at 1-4. Unless otherwise stated, these facts are undisputed.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), an administrative prerequisite to filing a lawsuit, alleging claims under the ADA. On March 16, 2023, the EEOC issued Plaintiff's Determination and Notice of Rights ("Right to Sue Notice") to Plaintiff, closing its investigation. The Right to Sue Notice stated that, under federal law, Plaintiff was entitled to file a lawsuit against Defendant based on the ADA claims alleged in her Charge of Discrimination and that her "lawsuit must be filed WITHIN 90 days of [her] receipt of this notice." ECF No. 26-1 at 1. That same day, the EEOC emailed Plaintiff alerting her that a new document was available for download. On March 17, 2023, Plaintiff downloaded the Right to Sue Notice and sent an email to the EEOC investigator acknowledging she received the Right to Sue Notice. On March 20, 2023, the EEOC investigator responded that Plaintiff had 90 days from the date the Notice of Right to Sue was issued to continue the legal process.

Plaintiff filed her lawsuit on June 16, 2023—ninety-two days after the EEOC issued the Right to Sue Notice and emailed Plaintiff. At the time, Plaintiff believed she was within the 90-day time frame to timely file suit.

## II.     LEGAL STANDARD

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion for summary judgment, the court must look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the non-moving party may not simply rest upon its

2

pleadings at this stage; rather, the non-moving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

### III.   ANALYSIS

Defendant moves for summary judgment on the issue of whether Plaintiff's complaint is time-barred. ECF No. 26 at 3. For the reasons below, the Court grants summary judgment in favor of Defendant.

Under Title VII, the administrative remedy process for employment discrimination begins when an aggrieved party files a charge with the EEOC alleging that an employer engaged in an unlawful employment practice. 42 U.S.C. § 2000e-5(b); *Slayton v. Bayfield Sch. Dist.*, No. 1:24-CV-00930-NYW-KAS, 2024 WL 4979422, at *3 (D. Colo. Dec. 4, 2024), *report and recommendation adopted*, No. 24-CV-00930-NYW-KAS, 2025 WL 830472 (D. Colo. Mar. 17, 2025). The EEOC investigates the charge once it is filed. *Id.* "[I]f the EEOC decides to dismiss a claim, it issues a written notice of that decision along

3

with a notice of rights informing the person claiming to be aggrieved . . . of the right to sue in Federal district court within 90 days of receipt of the determination." *Id.* (quotations omitted); 29 C.F.R. § 1601.18(b); *see also* 42 U.S.C. § 2000e-5(f)(1).

Here, there is no genuine dispute of material fact. The parties do not dispute that the EEOC issued Plaintiff's Right to Sue Notice on March 16, 2023. The parties also do not dispute that Plaintiff downloaded the Right to Sue Notice document on March 17, 2023, and filed her lawsuit on June 16, 2023. The disagreement is when Plaintiff's 90-day window to file suit began—when "receipt" of the Right to Sue Notice occurred. When addressing Defendant's Motion for Summary Judgment, the Court must look at the factual record and draw inferences from the record in the light most favorable to the Plaintiff. Plaintiff argues she was in "receipt" of the Right to Sue Notice when she viewed it on March 20, 2023. ECF No. 48 at 3. Defendant argues that the time to file suit begins when the Right to Sue Notice was electronically sent to Plaintiff on March 16, 2023. ECF No. 47 at 5-6.

When determining when the 90-day period to file lawsuit begins, "the Tenth Circuit has noted that a three day presumption under Fed.R.Civ.P. 6(d) or a five day common law presumption may be used." *Landrum v. Wakefield & Assocs., Inc.*, No. 08-CV-0283-CVE-PJC, 2009 WL 523104, at *2 (N.D. Okla. Mar. 2, 2009) (citing *Witt v. Roadway Express,* 136 F.3d 1424, 1429 (10th Cir .1998)); *see also Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001). However, these presumptions were applied in cases where the Right to Sue Notices were *mailed* to the complainant. *See Landrum*, 2009 WL 523104, at *2 ("The EEOC *mailed* the right-to-sue letter to plaintiff on February 7, 2008.")

4

(emphasis added); *Slayton*, 2024 SL 4979422, at *3 ("…the Tenth Circuit has recognized either a three-day or five-day *mailing* presumption in various circumstances.") (emphasis added).

In cases involving electronic delivery, courts have held that "receipt generally occurs when the email reaches the inbox of the party (or that of the party's counsel)." *Kandt v. City of Garden City, Kansas*, No. 23-2043-DDC-TJJ, 2025 WL 859865, at *4 (D. Kan. Mar. 19, 2025); *see also Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) ("90-day window . . . commenced on day that he received email from Equal Employment Opportunity (EEO) counselor regarding final agency decision, rather than on the following day when he was allegedly able to open and read attachment"); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) ("McDonald received notice of her right to sue . . . when the EEOC first emailed her lawyer the link to her right-to-sue letter in the Public Portal . . . . That her lawyer never read the right-to-sue letter until the EEOC emailed it as an attachment . . . does not save her claims from being time-barred."); *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022) ("The ninety-day period began to run when the email notification reached Plaintiff's attorney's inbox.").

In this case, it is undisputed that EEOC emailed Plaintiff's Right to Sue Notice on March 16, 2023, and Plaintiff downloaded the document on March 17, 2023. Thus, the mailing presumption does not apply here. Based on the holdings of other courts, receipt occurred on March 16, 2023, when Plaintiff received the notification that the Right to Sue Notice was available in the EEOC Portal. Plaintiff argues that the definition of "receipt" in the Right to Sue Notice states "Receipt generally means the date when you (or your

5

representative) opened this email or mail." ECF No. 48 at 1-2. Even considering this argument, the latest date of "receipt" would be March 17, 2023, when Plaintiff downloaded the Right to Sue Notice. That Plaintiff allegedly did not view or read the document until March 20, 2023 cannot save her claims from being time-barred. *See McDonald*, 109 F.4th at 1071. Additionally, Plaintiff does not provide evidence of circumstances preventing her from immediately viewing the Right to Sue Notice. Plaintiff simply claims that she initially "was not going to pursue a lawsuit" and hoped the EEOC investigator "would share information about the alleged costly mistakes as a result of his investigation." ECF No. 48 at 3.

Further, Plaintiff has not established equitable tolling applies in this case. "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Plaintiff has not demonstrated she pursued her rights diligently or that any extraordinary circumstances prevented her from filing suit by June 15, 2023. Instead, Plaintiff generally argues her understanding of the definition of "receipt" and that she believed she met the 90-day deadline to file suit. ECF No. 48 at 2, 4. Plaintiff's arguments are insufficient to warrant equitable tolling.

The Court finds that receipt occurred on March 16, 2023, when EEOC notified Plaintiff of the Right to Sue Notice in the EEOC portal, making Plaintiff's deadline to file suit June 14, 2023. Even if the Court were to consider the receipt date to be March 17, 2023, when Plaintiff downloaded the document, the 90-day window would have ended on

June 15, 2023. Because Plaintiff filed suit on June 16, 2023, the Court finds Plaintiff's claims are time-barred.

## IV.   CONCLUSION

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 47, is **GRANTED.**

DATED: September 4, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge